■ ELIZABETH M. FARRELL, as Administratrix of the Estate of KEITH L. FARRELL, Deceased, Appellant, v. LYNN W. CARTER et al., Respondents.— Judgment and order affirmed, without costs. All concur, except Del Vecchio, J. P., and Henry, J., who dissent and vote to reverse the judgment and grant a new trial solely on the issue of damages, in the following memorandum: In our opinion the verdict was inadequate. ¶ Decedent was a 20-year-old, unmarried, male, who had graduated from high school the previous year. He apparently enjoyed good health, as evidenced by his participation in athletics while in school. He was described as a "rugged individualist", a "wiry boy", "really rough-and-tumble", "full of vim and vigor", "quiet", "very friendly", "polite", "honest", "not a quitter" and "not a wild boy". He was never in any trouble with the police, never arrested nor in jail. He worked while in high school, after school and weekends. He helped with the chores around the house and took care of his brothers and sisters so that his mother would be able to work. He was steadily employed from the time he graduated until his death. He took a job with the telephone company immediately upon graduating. His 1967 earnings until his death on August 11 amounted to $2,170. He paid his mother $20 per week for board. At the time of his death, he was working in a neighborhood restaurant as a short-order cook. His life expectancy was 49 years and his mother's was 30 years. ¶ Appellant's motion to set aside the $4,500 verdict should have been granted. ¶ Decedent died on August 11, 1967, before the September 1, 1967 effective date of Estates, Powers and Trust Law (EPTL 1–1.5). The action is governed by sections 130 through 134 of the Decedent Estate Law. The complaint erroneously alleges and the trial court erroneously charged the jury that his brother (as well as his mother) sustained pecuniary loss by reason of decedent's death. His mother is his only next of kin and any damages recovered should be exclusively for her benefit. (Decedent Estate Law

§ 83, subd. 3, § 133.) (Appeal from judgment and order of Monroe Trial Term in wrongful death action; order denied motion for new trial.) Present — Del Vecchio, J. P., Marsh, Witmer, Moule and Henry, JJ.